### WHITE and others *vs.* JEFFERS and others.

Where a bill states that a party received a conveyance as a trustee for the payment of the complainants' demands, and an injunction and *ne exeat* is allowed upon such bill, and the answer shows that the conveyance was absolute, but that there was an indemnity against the demands of the complainants, the injunction will be dissolved and the *ne exeat* discharged, inasmuch as the bill does not cover the case made by the bill and answer,

THE complainants and others, residing within this state, furnished to the Milwaukie Marine Company

certain materials for furnishing and finishing the schooner built by them, called the " Solomon Juneau," and took their notes for the same. The Milwaukie Marine Company sold said schooner to James W. Jeffers, one of the defendants, while it was a wreck; and, in addition to the payment made by him, they took from him a bond of indemnity against the complainants' demands. Jeffers repairs the schooner at an expense of some $2,000, and some time afterwards brings it within the waters of this state, where it is arrested by an injunction against the schooner, and a *ne exeat* against Jeffers, upon a bill setting up that Jeffers received a conveyance of the schooner as a trustee, for the payment of the complainants' demands. The answer shews that the sale was absolute to Jeffers, but that he indemnified the Milwaukie Marine Company against the demands of the complainants. This case now comes up on a motion to dissolve the injunction and discharge the *ne exeat*.

*T. Hastings,* for complainants.

*S. E. Sill,* for defendant Jeffers.

THE VICE CHANCELLOR. If, according to the statements in the bill, the schooner had been conveyed to Jeffers in trust to pay the debts of the complainants, and he had used that property or neglected to sell it, in pursuance of the direction of the trust, the injunction would in my opinion have been proper, as well as the *ne exeat.* But the answer discloses a different state of facts. It appears from this pleading, that Jeffers purchased the schooner absolutely, by an absolute bill of sale, and not in trust; yet, that he gave a bond of indemnity to the Milwaukie Marine Company, against the debts of the complainants.

The real questions presented, which I shall consider, are :

1st. Whether the facts presented by the papers, constitute or create a lien upon the schooner, of which the complainants can avail themselves.

2d. Whether they create an equitable indebtedness from the defendant Jeffers to the complainants, which they can enforce.

As to the first question, if the schooner had been conveyed in trust to Jeffers, as supposed by the bill, there would be no doubt but this court would entertain this suit to compel Jeffers as trustee to fulfil the duties of his trust. But when it appears by the answer, that Jeffers holds the schooner by an absolute and not by a trust conveyance, the court cannot do otherwise, in this stage of the cause, than to determine that there is no specific lien upon the schooner; and that it cannot be held by the injunction to respond to the complainants' bill.

As to the second question, it may be possible, and such is my impression, that under the bond of indemnity the complainants have an equitable debt against the defendant Jeffers, which they might enforce against him personally in equity, if their bill was framed to meet this object. On reading the bill, however, I find that it is framed solely with a view of charging Jeffers as trustee for the benefit of the complainants. It makes no charge against him as personally indebted to the complainants, even in equity, upon his bond of indemnity. The prayer, it is true, asks of him to pay the debt as trustee; and in default thereof, that the schooner may be sold. But the prayer must be governed by the stating part; and there is nothing in the stating part charging a per-

sonal indebtedness on the part of Jeffers. If the bill had been shaped with a view to charge Jeffers personally, I might have been inclined to retain the *ne exeat;* but as it is, I must dissolve the injunction and discharge the *ne exeat*: costs to abide the event.